# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2066

_____

|  |  |  |
|---|---|---|
| Song Cha Flannery; James Flannery; Patricia J. Young; Keya Young; Keicha Slayton; Kevin Slayton, | * * * * | |
| Appellees, | * * | Appeal from the United States District Court for the Eastern |
| v. | * * | District of Arkansas. |
| Dennis Hyde, Chief of Police Paragould Police Department; Carlon Chipman; Larry Bennett; Scott Chamberlain; City of Paragould, Arkansas, | * * * * * * | [UNPUBLISHED] |
| Appellants. | * | |

_____

Submitted: January 10, 2000

Filed: January 19, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Song Cha Flannery, James Flannery, Patricia J. Young, Keja Young, Keicha Slayton, and Kevin Slayton brought this 42 U.S.C. § 1983 action asserting violations of their Fourth Amendment rights after Paragould police officers Carlon Chipman, Larry Bennett, and Scott Chamberlain searched their homes in the middle of the night

without a warrant. Although the plaintiffs consented to the searches, they claim they did not consent voluntarily. The defendants moved for summary judgment asserting they are entitled to qualified immunity. The district court denied the motion, concluding the individual defendants were not entitled to qualified immunity as a matter of law because the reasonableness of the searches turned on the voluntariness of consent, which the parties disputed. The court also found a genuine issue of material fact about whether the City of Paragould had a custom or policy of violating plaintiffs' rights. On appeal, the appellants challenge the plaintiffs' version of the facts as stated in their affidavits and contend the affidavits do not create a material issue of fact for trial. Our limited jurisdiction to review the denial of summary judgment based on qualified immunity does not extend to this evidentiary issue, however. See Johnson v. Jones, 515 U.S. 304, 307, 313 (1995); McCaslin v. Wilkins, 183 F.3d 775, 778 (8th Cir. 1999). The appellants also make legal arguments based on the factual assumption that the plaintiffs voluntarily consented to the searches. Without resolving the evidentiary issue, we cannot reach the legal ones. We thus dismiss the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-